IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00637-PSF-MEH

STASIA A. ROMERO,

      Plaintiff,

v.

DILLON COMPANIES, INC. d/b/a KING SOOPERS, INC. (STORE #0059),

      Defendant.
_____

**STIPULATED PROTECTIVE ORDER**
_____

      A Protective Order concerning the treatment of Confidential Information (as hereinafter defined), is hereby entered as follows:

      1.    This Protective Order ("Protective Order") shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.    Documents and information produced by the Parties through discovery that contain Confidential and/or Proprietary Information shall be treated as confidential by the Parties and shall be used solely for the purpose of preparation and trial of this litigation and for no other

purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

4. Information designated as "Confidential Information" shall be information that includes or implicates employee or medical information; proprietary business information, trade secrets, and/or business information not made available to the public; information protected from disclosure pursuant to regulations, including but not limited to any nonpublic, personal information regarding customers or guests; personnel or customer information or files; information regarding employees, including employee benefits, severance benefits, dates of birth, salary, employee performance, and documents, materials, and deposition or other testimony relating to such matters; or any other information that a designating Party in good faith believes contains confidential and/or proprietary information.

5. "Confidential Information," as used herein, means any information as described in paragraph 4 which is designated by any Party as "Confidential," "Proprietary," "Confidential and/or Proprietary," or "Confidential Subject to Protective Order," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to requests for admission, or response to request for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, or otherwise. In designating information as "Confidential Information," a Party will make such designations only as to that information that the Party has reviewed and in good faith believes contains confidential and/or proprietary information.

6. Confidential Information and information derived from Confidential Information

may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

    (a)    Plaintiff;

    (b)    Defendant's designated representatives and Stephanie Bouknight;

    (c)    Attorneys of record for the Parties in this litigation and employees of such attorneys to whom it is necessary that the information be shown for purposes of this litigation;

    (d)    Independent investigators, experts, or consultants retained by any Party's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

    (e)    The Court, its employees and agents, court reporters, and their agents in depositions, hearings, or trial in this action;

    (f)    Stenographic reporters who are actively engaged in proceedings necessarily incident to the conduct of this action;

    (g)    Deponents, witnesses, or potential witnesses; and

    (h)    Any other person designated as a Qualified Person by this Court, after notice and hearing, or designated by written agreement of the Parties.

7.    Counsel shall provide to any expert witness or consultant a copy of this Protective Order and obtain from such person an affidavit in the form of the attached Exhibit A which has been signed by such person. All such affidavits shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. The Parties may designate documents produced in this action as "Confidential Information" by marking the first page of each document so designated "Confidential," or "Confidential Subject to Protective Order." In lieu of marking the original of a document, if the original is not produced, the Parties may mark the copies that are produced or exchanged. The parties also may designate documents as "Confidential Information" by notifying the other Party's counsel in writing of the specific documents that are confidential.

9. Information disclosed at any deposition may be designated by the Parties as "Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Alternatively, the Parties may also designate information disclosed at such deposition as Confidential by notifying the other Party's counsel in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential thereafter. The receiving Party's counsel shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in their possession, custody, or control.

10. Copies of "Confidential Information" provided to a receiving Party shall be maintained in the offices of the designating Party. Any documents produced in this litigation, regardless of classification, which are provided to persons designated in paragraph 6 above, shall be maintained only at the office of such person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

11. Nothing herein shall prevent disclosure beyond the terms of this order if the

designating Party consents to such disclosure in writing or if the Court, after notice to all affected Parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person, regardless of which Party produced such information.

12. Within thirty (30) days of receiving a notification that certain documents or other information has been designated as "Confidential Information," a party may object to the designation of particular information as "Confidential" by giving written notice to the designating party. The written notice shall identify the information to which the objection is made. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13. Any Party may seek an order of this Court modifying this Protective Order. The Court may modify this Protective Order at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

14. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

15. Within sixty (60) days upon final disposition of this litigation (including any appeal) all Confidential Information, all reproductions thereof, and all abstracts and compilations

therefrom, in the possession of any Qualified Persons, shall be returned to counsel for the Party who produced the information and/or designated it as "Confidential."  No copies shall be retained by the receiving Party, his, her, or its counsel or expert witnesses.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

16.     The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information," without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter.  Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party.  The production of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by the producing Party to object to admissibility of such document at a later time.

17.     This Protective Order shall apply to and be enforceable against Plaintiff, Plaintiff's attorneys, Defendant, Defendant's attorneys, all persons and entities to whom any "Confidential Information" is disclosed; and all of their agents, members, shareholders, partners, associates, consultants, employees, representatives, successors, and assigns.

18.     Nothing in this Order shall affect Defendant's right to make any legitimate use of its own business records, including personnel records.

19. NOTHING CONTAINED IN THIS PROTECTIVE ORDER SHALL BE CONSTRUED AS PERMITTING DISCLOSURE OF ANY CONFIDENTIAL INFORMATION, OR ANY INFORMATION ABSTRACTED THEREFROM, TO COUNSEL OR PARTIES IN ANY ACTUAL OR POTENTIAL LITIGATION OR LEGAL PROCEEDING OTHER THAN THE ABOVE-ENTITLED AND NUMBERED CAUSE, OR TO ANY PERSON OR ENTITY INVOLVED IN THE INVESTIGATION OR PREPARATION OF ANY OTHER POTENTIAL LITIGATION OR LEGAL PROCEEDING.

20. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

This Protective Order may be modified by the Court upon a showing of good cause and an opportunity for both parties to be heard.

Dated at Denver, Colorado this 30th day of August, 2006.

.                                         BY THE COURT:


  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**APPROVED AND AGREED TO:**

THE SALAZAR CONSULTANT GROUP, LLC


s/      Joseph A. Salazar
Joseph A. Salazar, Esq.
3842 East 127th Lane
Thornton, CO  80241
Attorneys for Plaintiff


SHERMAN & HOWARD L.L.C.


s/      Edward J. Butler
Raymond M. Deeny
Edward J. Butler
90 S. Cascade, Suite 1500
Colorado Springs, CO  80903
Attorneys for Defendant

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO    )
                     )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

 1. I have read the Protective Order in <u>Stasia A. Romero v. Dillon Companies, Inc. d/b/a King Soopers, Inc. (Store #0059)</u>, a copy of which is attached to this Affidavit.

 2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

 3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

 4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the action referenced above.

 5. I will abide by the terms of the Protective Order.

            _____
            (Signature)
            (Print or Type Name) _____
            Address _____
            Telephone No.: _____

 SUBSCRIBED AND SWORN to before me this ___ day of _____, 2006, by _____.

 WITNESS my hand and official seal.

            _____
            Notary Public

My Commission expires: _____
[SEAL]